OPINION OF THE COURT
James G. Starkey, J.
Defendant has moved for an order pursuant to CPL 440.10 (1) (g) to vacate a judgment of conviction, after a jury trial, of two counts of manslaughter in the second degree, one count of assault in the second degree and one count of driving while having .10 of 1% or more of alcohol in his blood, in violation of Vehicle and Traffic Law § 1192 (2). He was acquitted of driving while, in fact, intoxicated (Vehicle and Traffic Law § 1192 [3]).
In the moving papers, defendant urged that a report by the Auditor General of Pennsylvania established that the compound in the two ampoules used in the breathalyzer test of defendant had not been properly prepared or safeguarded and might not, therefore, have met specifications. The ampoules in question included the one into which the defendant’s breath was directed and a control or "reference” ampoule. The prosecution answered, inter alla, that the Pennsylvania Attorney General had discredited the Auditor General’s report and noted that the report constituted hearsay. A hearing was ordered to provide an opportunity for the production of admissible evidence concerning the issue raised.
*268 Pursuant to that order, all parties appeared on November 14, 1990. Defendant, however, offered no admissible evidence on the subject, urging instead that the doctrine of collateral estoppel applied. Specifically, defendant urged, as controlling, an evidentiary ruling by a Judge of the Criminal Court of the City of New York in a trial concerning a charge of driving while intoxicated. That ruling, based upon evidence which included the Auditor General’s report and other hearsay, excluded the certificate of analysis as to random tests by the New York State Police Crime Laboratories of 200,000 ampoules designated lot 0916 by. the manufacturer, a concern named Systems Innovation, Inc. The court also excluded evidence of the breathalyzer test administered using ampoules from that lot. (See, People v Serrano, 142 Misc 2d 1087 [Crim Ct, Kings County 1989].)
Defendant’s reliance on the doctrine of collateral estoppel in the context of this case seems mistaken. While it is true that the determination in the Serrano case (supra) related to the same lot of ampoules from which came the ampoules used in this case and that the District Attorney of Kings County also prosecuted that case, the facts set forth above do not warrant the relief sought here.
In the first instance, the Serrano case (supra) was concerned solely with a ruling about the admissibility of evidence — not the establishment of an ultimate fact. (See, Ashe v Swenson, 397 US 436, 443 [1970].) Further, such a ruling neither constituted a final judgment nor, as a matter of law, was it appeal-able by the District Attorney. (See, People v Laing, 168 AD2d 635 [2d Dept, 1990]; see also, People v Sailor, 65 NY2d 224, 228-229 [1985].) Finally, it cannot be said with assurance that the prosecution has received the full and fair adjudication of the issue required for collateral estoppel when — at a hearing to determine admissibility of evidence — hearsay is received and relied upon, as it was in the Serrano case. (See, People v Sailor, supra, at 229.)[1]
Since the doctrine of collateral estoppel is inapplicable, defendant can urge only the report of the Auditor General in support of the motion, support which falls well short of the relevant standards. It is settled that a motion to vacate a *269 conviction based upon newly discovered evidence must meet the six criteria set forth in People v Salemi (309 NY 208, 216 [1955], cert denied 350 US 950 [1956]). To do so, the evidence relied upon (1) must be such as will probably change the result if a new trial is granted; (2) must have been discovered since the trial; (3) must be such as could have not been discovered before the trial by the exercise of due diligence; (4) must be material to the issue; (5) must not be cumulative to the former issue; and (6) must not merely impeach or contradict the former evidence.
As to the report relied upon, it would seem merely to contradict and impeach the evidence received at trial to the effect that the contents of the ampoules used in this case met specifications. More important, defendant has clearly failed to show how a report by the Auditor General — inadmissible hearsay, by definition — would probably change the result if a new trial were granted. This is all the more true when, as noted in the affidavit of Sergeant Thomas W. Winterstein[2] and the testimony at trial of Police Officer Ferrara, the same ampoules and breathalyzer were used (prior to the test of defendant’s breath) in a test of a prepared solution known to contain .10 of 1% alcohol and the breathalyzer correctly measured the alcohol content at .10 of 1% — a result most unlikely if the contents of the ampoules had not met specifications. The same evidence established that the machine was adjusted to cancel the impact of that test before defendant’s breath was introduced — suggesting that an inaccurate reading at that time was equally improbable.
Finally, it should be observed that even if all of the obstacles referred to above did not exist and defendant were to receive a new trial concerning the conviction based upon the breathalyzer reading, it would avail the defendant little. The sentence imposed on that conviction runs concurrently with the much more substantial penalties imposed in connection with the manslaughter and assault convictions and the claimed flaws as to the breathalyzer evidence clearly have no bearing on those convictions. Examination of the charge and the evidence compels the conclusion that the jury found the defendant guilty of reckless manslaughter and reckless felonious assault without regard to whether or not he was, in fact, intoxicated.
They were charged, in essence, that there was no necessary *270 connection between intoxication and recklessness and that (in the context of cases like this) the definition of recklessness involves the conscious creation or heedless awareness of a substantial and unjustifiable risk of serious accident. This, of course, can occur — and frequently does — when the culprit is completely sober, even as some have been fortunate enough to drive while intoxicated without being reckless, e.g., without having created or encountered such a risk.
The evidence warranted the conclusion that defendant had been reckless without regard to intoxication and the jury acquitted the defendant of driving while, in fact, intoxicated. In such circumstances, it seems unlikely in the extreme that a successful attack on the evidence which supported the breathalyzer reading would change the result as to the other convictions.
In light of the above, the motion must be denied.

. The problems with the defense argument are reenforced when it is noted that several other courts have ruled on similar motions and come to a conclusion contrary to that reached in the Serrano case. (See, People v Serrano, 142 Misc 2d 1087, 1088, n 1 [Crim Ct, Kings County 1989].)

. Submitted in opposition to this motion.